O

JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| EDWIN ROGERS,<br><br>    Plaintiff,<br><br>    v.<br><br>SUN DELIVERY, INC.; PREMIUM OF TENNESSEE, INC.; ALEX MARIN; DOES 1–100, inclusive,<br><br>    Defendants. | Case No. 5:14-CV-01461-ODW(KKx)<br><br>**ORDER GRANTING MOTION TO REMAND [10]** |

## I.   INTRODUCTION

Plaintiff Edwin Rogers moves to remand this action to Riverside County Superior Court for lack of subject-matter jurisdiction. (ECF No. 10.) Rogers argues that Defendants Sun Delivery Inc. ("Sun Delivery"); Premium of Tennessee, Inc. ("Premium"); and Alex Marin ("Marin") failed to establish diversity jurisdiction under 28 U.S.C. § 1332. Rogers' main argument is that complete diversity does not exist because Marin was not fraudulently joined. For the reasons discussed below, the Court finds that Marin is not a sham defendant. Therefore, this Court **GRANTS** Plaintiff's Motion to Remand.[1] (ECF No. 10.)

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

Rogers' claims arise from the termination of his employment. On June 5, 2014, Rogers filed this action in state court, alleging (1) retaliation, in violation of California Labor Code § 1102.5; (2) retaliation, discrimination and discharge in violation of California Labor Code § 98.6; (3) harassment, hostile work environment; and (4) wrongful termination in violation of public policy. (Not. of Removal Ex. A.) Citizenship of the parties is as follows: Rogers is a citizen of California (Compl. ¶ 1); Sun Delivery is a citizen of North Carolina (Not. of Removal ¶ 4.); Premium is a citizen of Delaware and Ohio (*Id.*); and Marin is a citizen of California (*Id.* ¶ 5).

Rogers alleges that after being hired in June 2012, he worked for Defendants for approximately one year. (Compl. ¶ 10.) Rogers further states that he was an excellent employee and performed all of the essential duties of his job competently. (*Id.*)

Rogers was hired as a truck driver, and a helper to load, deliver and assemble furniture. (*Id.*) He alleges that during his employment Defendants continually violated provisions of the California Labor Code. (*Id.* ¶¶ 11–17.) He states that Defendants (1) failed to reimburse him for costs he incurred while performing his duties as an employee — the use of his cell phone and for equipment he had to purchase to competently and safely perform his job; (2) failed to pay Rogers and his coworkers for all of the hours spent loading and unloading the trucks; (*Id.* ¶ 11) (3) illegally deducted money from Rogers' wage; (4) retaliated against him for failing to break the law by driving with a suspended license; (*Id.* ¶ 16) and (5) would harass, yell at, demean, and belittle Rogers when he would ask for these violations to be corrected (*Id.* ¶ 43).

On June 5, 2014, Rogers commenced this action in Riverside County Superior Court. (Not. of Removal Ex. A.) Defendants removed the action to this Court on July 17, 2014, on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (ECF 1.) On September 27, 2014, Rogers moved to remand this action. (ECF No. 10.) Defendants

timely opposed. (ECF No. 12.) That Motion is now before the Court for decision.

### III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. A defendant may remove a case from a state court to a federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity jurisdiction. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a).

### IV. DISCUSSION

It is uncontested that the jurisdictional minimum for the amount in controversy is satisfied. This case turns on the existence of complete diversity. Defendants argue that Marin, who is a California citizen, was fraudulently joined for the sole purpose of destroying diversity. (Not. of Removal ¶ 1.) The term "fraudulent joinder" is a term of art. *Lewis v. Time Inc.,* 710 F.2d 549 (9th Cir. 1983.) It is not reflective of the plaintiff's intent to deceive the court. *Id.* Rather, it is a rubric applied when determining whether there is any possibility that a plaintiff would be able to establish

1  a cause of action against the sham defendant.  *Id.*; *Good v. Prudential Ins. Co. of Am.,*
2  5 F. Supp. 2d 804, 807 (N.D. Cal. 1998).

3        A party's citizenship may be disregarded under the doctrine of fraudulent joinder "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state . . . ." *McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987). Defendant must prove through clear and convincing evidence that there is no possibility of establishing a cause of action against the fraudulently joined defendant. *Hamilton Materials, Inc. v. Dow Chem. Corp.,* 494 F.3d 1203, 1206 (9th Cir. 2007); *Good,* 5 F. Supp. 2d at 807. Any ambiguity of law should be resolved in favor of the plaintiff. *Id.*

      According to Defendants, there can be no individual liability for the claims that Rogers asserts against Marin. (Opp'n 2.) They further argue that the allegations in the Complaint do not support a harassment claim for which Marin can be held accountable. (*Id.*) However, the law is not as clear as Defendants wants this Court to believe. Under California's Fair Employment and Housing Act ("FEHA"), California Government Code §12490, harassment claims may be brought against individuals. *See Cal. Gov. Code* § 12940(j)(3); *Page v. Superior Court,* 31 Cal. App. 4th 1206, 1212 (1995). Harassment consists of behavior that falls outside the scope of employment. *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, 63 (1996). It is "conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Id*.

      To have a successful claim for harassment under FEHA an employee must show that the harassment was "severe enough or sufficiently pervasive to alter the conditions of employment and create a work environment that qualifies as hostile or abusive to employees." *Miller v. Dept. of Cors.*, 36 Cal. 4th 446, 464 (2005). Many of Marin's actions seem to reach further than ordinary managerial duties. Here, Marin allegedly belittled and yelled at Rogers and the rest of his coworkers each time they asked for their rights as employees to be met. (Compl. ¶ 43.) Moreover, Rogers

4

1  claims that Marin retaliated against him with false write-ups and eventually, by
2  terminating him.  Reviewing the facts in the light most favorable to Rogers this Court
3  cannot say that there is no possibility that Rogers has a harassment claim against
4  Marin. *See, e.g., Good,* 5 F. Supp. 2d at 807; *Hale v. Bank of Am., N.A.,* No. CV 12-
5  10064 MMM PJWX, 2013 WL 989968, at *5 (C.D. Cal. Mar. 13, 2013).

6       Defendants argue that in the Complaint Rogers did not sufficiently plead facts
7  necessary to support a harassment claim.  (Opp'n 2.) They contend that Rogers uses
8  the term "harassment" in a conclusory manner.  (*Id.* 3.)  Further, they state that
9  Rogers' two examples of Marin's harassing behavior (false write-ups and the
10 termination of his employment) are insufficient to hold Marin liable for harassment.
11 (*Id.*)  However, even if Rogers did not plead sufficient facts to establish a harassment
12 claim against Marin, Defendants have not established that Rogers cannot amend the
13 Complaint to include a possible cause of action.  *See, e.g.*, *Hale,* 2013 WL 989968, at
14 *6 (holding that a defendant will not be found as fraudulently joined because of a
15 defective Complaint unless defendants establish that plaintiff cannot amend the
16 Complaint); *Burris v. AT & T Wireless, Inc.,* No. C 06–02904 JSW, 2006 WL
17 2038040, at *2 (N.D. Cal. July 19, 2006) (holding that although as currently pled
18 plaintiff does not have a cause of action against the alleged sham defendant, the
19 defendants failed to evidence that plaintiffs will not be granted leave to amend).

20      Here, Defendants have not addressed the potential of a successfully amended
21 complaint. They have failed to show that Rogers cannot amend the facts in the
22 Complaint to state a feasible harassment claim, nor have they demonstrated that under
23 California law, Rogers will not be granted leave to amend. Therefore, Defendants
24 have failed to prove by clear and convincing evidence that Rogers cannot possibly be
25 able to state a claim against Marin.  *Hale,* 2013 WL 989968, at *7.  Accordingly, this
26 Court does not believe Marin to be fraudulently joined. Because joinder was proper,
27 complete diversity is lacking and this Court does not have subject matter-jurisdiction
28 over this case.


## V.   CONCLUSION

For the reasons discussed above, the Court finds that there is no subject-matter jurisdiction over this action under 28 U.S.C. § 1332.  Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand.  (ECF No. 10.)  This action shall be remanded to the Riverside County Superior Court, RIC 1405567. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

November 10, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

cc: order, docket, remand letter to Riverside County Superior Court
no. RIC 1405567